UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/ Respondent,

v.

PATRICK QUINLAN,

    Defendant/Petitioner.
_____/

Civ. Case No. 08-CV-14985
Crim. Case No. 01-CR-80514
Honorable Nancy G. Edmunds

**ORDER DENYING PETITIONER'S MOTION FOR SENTENCE RELIEF UNDER 28 U.S.C. § 2255 [235, 240]**

Petitioner Patrick D. Quinlan, Sr., an individual incarcerated at FCI Morgantown in Morgantown, West Virginia, filed a motion for sentence relief pursuant to his Habeas Corpus Rights under 28 U.S.C. § 2255. In the motion, Petitioner argued that Count 16 of the Fourth Superseding Indictment was barred by the statute of limitations. He then filed a supplemental brief and memorandum in which, in addition to reiterating his statute of limitations argument, he alleged ineffective assistance of counsel. The Government responded that Count 16 was not barred by the statute of limitations and that Petitioner's ineffective assistance of counsel claim should be dismissed because it was untimely. In the alternative, the Government responded that Petitioner was not provided ineffective assistance of counsel. The Court must decide (1) whether Count 16 was barred by the statute of limitations and (2) whether Petitioner's ineffective assistance of counsel claim was untimely, and (3) if not, whether Petitioner was provided ineffective assistance of counsel. For the reasons set forth below, Petitioner's § 2255 motion is DENIED.

1

**I. Facts**

On February 3, 2004, Petitioner signed a Rule 11 Plea Agreement in which he admitted, among other things, that he violated 18 U.S.C. § 1001 by making false and fraudulent statements in an annual report filed with the Securities and Exchange Commission (SEC). (Gov't's Ex. B, Rule 11 Plea Agreement). The factual basis of the Plea Agreement states, in part, that:

> On or about April 29, 1998, during and in furtherance of the conspiracy, [Petitioner] signed the SEC Form 10-K (annual report) for the fiscal year ending January 31, 1998, in his capacity as Principal Executive Officer and Chairman of MCA Financial Corp., knowing that the 10-K contained materially false and fraudulent statements and concealed material facts. Specifically, [Petitioner] knew, among other things, that the 10-K overstated the value of two assets, land contracts and mortgages held for resale, because these assets were non-performing and non-saleable. [Petitioner] also knew that the 10-K misrepresented MCA's financial condition because it omitted the material fact of MCA's huge and ongoing liability to the pool investors. Finally, [Petitioner] knew that the 10-K overstated MCA's revenues, some of which were derived from the sham sale of low income housing by MCA to limited partnerships and limited liability companies owned and controlled by [Petitioner] through the *Property Corporation of America*.

(Gov't Ex. B).

On July 21, 2005, Petitioner was sentenced to 120 months' imprisonment (60 months on each of Counts 1 and 16, to run consecutively), three years' supervised release, and ordered to pay over $250 million in restitution.

Petitioner directly appealed his conviction and sentence to the Sixth Circuit Court of Appeals. On January 5, 2007, the Sixth Circuit affirmed his conviction and sentence. *United States v. Quinlan*, 473 F.3d 273 (6th Cir. 2007).

On October 1, 2007, the Supreme Court of the United States denied Petitioner's petition for writ of certiorari. *Quinlan v. United States*, 128 S. Ct. 251 (2007).

On December 3, 2007, the Supreme Court of the United States denied Petitioner's petition for a rehearing of its decision to deny certiorari. *Quinlan v. United States*, 128 S. Ct. 737 (2007).

On July 24, 2008, Petitioner filed a document captioned "A Motion for Sentence Relief And Pursuant to Either Rule 60(b) of the Rules of Civil Procedure or Through Defendant's Habeas Corpus Rights Under 18 [sic] U.S.C. § 2255." (Docket # 235.)

On December 1, 2008, Petitioner filed a document captioned "Supplemental Brief and Memorandum to the Form A243 Motion 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody." (Docket # 240.)

On May 22, 2009, the Government filed a Response to Petitioner's July 2008 § 2255 motion and Dec. 2008 "Suppl." Brief.

On July 2, 2009, Petitioner filed a Reply to the Government's Response.

**II. Analysis**

**A. Count 16 Not Barred by Statute of Limitations**

Count 16 of the Fourth Superseding Indictment alleged that Petitioner made false and fraudulent statements in an annual report (Form 10-K) filed with the SEC in violation of 18 U.S.C. § 1001. Petitioner argues, however, that "the Court must look exclusively to Title 15 for the applicable statute of limitations provisions" because "the foundational charges against [Petitioner] is [sic] Securities Fraud, which is not specific to Title 18 but to Title 15" (Pet'r's Mot. for Sentence Relief at 3). Title 15's statute of limitations provision requires that an action be brought within one year after the discovery of the facts constituting the violation and within three years of the violation. 15 U.S.C. § 78i(e). Title 18's statute of

limitations provision requires that an indictment be found or an information be instituted within five years after the offense shall have been committed. 18 U.S.C. § 3282. The statute of limitations began to run in April of 1998, when each element of the crime charge had occurred. *See United States v. Grenier*, 513 F.3d 632, 636 (6th Cir. 2008) (citing *United States v. Lutz*, 154 F.3d 581, 586 (6th Cir. 1998)). Under Title 15, Count 16 would have been barred by the statute of limitations. Under Title 18, however, Count 16 was not time barred.

Petitioner's argument that the government had only three years rather than five to indict him for securities fraud is the exact same argument made by the petitioner in *United States v. O'Hagan*, 139 F.3d 641 (8th Cir. 1998). The Court of Appeals for the Eight Circuit rejected the argument and ruled that the securities fraud convictions were not barred by the statute of limitations. *Id.* at 651. This reasoning was adopted by the United States District Court for the Northern District of Ohio in *Thorn v. United States*, Nos. 1:05CR579, 1:08CV827, 2008 WL 3200506 (N.D. Ohio Aug. 6, 2008), where the court ruled that "the applicable statute of limitations is five years under 18 U.S.C. § 3282, and the Government indicted Petitioner within that time." *Id.* at *2. Petitioner was indicted on and pleaded guilty to violating 18 U.S.C. § 1001, and was indicted within five years as required by the corresponding statute of limitations. Accordingly, Count 16 was not barred by the statute of limitations.

**B. Petitioner's Ineffective Assistance of Counsel Claim Must be Dismissed** [1]

Because § 2255 motions are civil proceedings, they are governed by the Federal

---

[1] Because the Court finds that Petitioner's Supplemental Brief and Memorandum was untimely, it does not address the merits of Petitioner's claim of ineffective assistance of counsel.

Rules of Civil Procedure. *Bowdidge v. Lehman*, 252 F.2d 366, 368 (6th Cir. 1958). Rule (15)(a) of the Federal Rules of Civil Procedure provides in part that a "party may amend the party's pleading once as a matter of course any time before a responsive pleading is served," and a § 2255 motion may be amended or supplemented in accordance with this rule. *Anderson v. United States*, 39 F. App'x 132, 136 (6th Cir. 2002). Petitioner filed a supplemental brief to his § 2255 motion before the Government filed a response to his § 2255 motion. The supplemental motion, however, should be dismissed because it was time-barred.

> 28 U.S.C. § 2255(f) states, in part, that:
>
> > A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> > (1) the date on which the judgment of conviction becomes final[2]

A conviction becomes final for purposes of collateral attack at the conclusion of direct review. *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (citing *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Direct review for Petitioner's case ended on October 1, 2007, the date that the United States Supreme Court denied his petition for writ of certiorari. *See id.* ("If a § 2255 movant pursued his direct appeal through to a petition of certiorari in the Supreme Court, direct review is concluded when the Supreme Court either denies the petition or decides the case.").

The date that the Supreme Court of the United States denied Petitioner's petition for writ of certiorari is the final date for purposes of collateral attack even though Petitioner sought a rehearing of the denial of his petition. *See Williams v. United States*, Nos. 02-

---

[2] It is undisputed that the time limit for Petitioner's motion is governed by 28 § U.S.C. 2255(f)(1).

80602, 05-70794, 2005 WL 1838448 (E. D. Mich. July 28, 2005). According to Supreme Court Rule 16.3, the "order of denial [of a petition for writ of certiorari] will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice." Thus, the last day for Petitioner to file a § 2255 motion was October 1, 2008.

A motion to amend a § 2255 motion relates back to the date the original motion was filed only when the amendment supplements or clarifies claims timely presented in the original § 2255 motion. *United States v. Johnson*, Nos. CV. 02-02565, CR. 99-20056, 2006 WL 485090, *2 (W.D. Tenn. Feb. 28, 2006) (citing *Anderson*, 39 F. App'x at 136). Petitioner's supplemental arguments regarding his claim that Count 16 was barred by the statute of limitations may relate back to the original motion, but where "the petitioner seeks to add new claims by way of amending the pending § 2255 motion, the motion to amend may not relate back to the original motion and is subject to the one-year time limitation imposed by § 2255." *Id.* "[A]mendments [to pleadings] asserting new claims based on different facts do not relate back to the original pleadings and therefore do not 'escape the one-year time limit.'" *Hayden v. United States*, Nos. 99-20011, 05-10287, 2008 WL 220612. *10 (E.D. Mich. Jan. 25, 2008) (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)).

Petitioner raised his ineffective assistance of counsel claim for the first time in his supplemental brief, filed more than a year after his conviction became final. The claim is significantly different than his claim that Count 16 was barred by the statute of limitations. As such, the supplemental brief does not relate back to his initial § 2255 motion. *See Evans v. United States*, 284 F. App'x 304, 313 (6th Cir. 2008) ("[Petitioner] raised the claim for the first time in his supplemental petition, which petition [sic] he filed more than one year after his conviction became final, and the claim differs significantly from those he raised in

his original timely petition and therefore does not 'relate back' to his timely petition."). *Accord*, *Tribble v. United States*, Nos. 1:05-cv-17, 1:01-cr-68, 1:02-cr-188, 2008 WL 1859880, *2 n.2 (E.D. Tenn. Apr. 23, 2008) ("[Petitioner] filed a document which he titled a memorandum in support of his § 2255 motion in 2006.  However, the one-year statute of limitations for filing his § 2255 motion expired in 2005, and since the new claims raised in the memorandum do not relate back to his original § 2255 motion, they are time-barred from § 2255 review.").

Quinlan raised the claim of ineffective assistance of counsel in his "supplemental brief" filed December 1, 2008.  That claim does not relate back to those asserted in his original petition.  Accordingly, Petitioner's ineffective assistance of counsel claim is dismissed because it was filed more than 1 year after the judgment of his conviction became final.[3]

### III. Conclusion

For the above stated reasons, Count 16 of Petitioner's indictment was not barred by the statute of limitations and Petitioner's claim of ineffective assistance of counsel must be dismissed as it was filed more than 1 year after his conviction became final.  Accordingly, Petitioner's § 2255 motion is DENIED.

---

[3] Even if the "supplemental brief" was timely and construed as a second or successive § 2255 motion, Petitioner must and did not have authorization from the Sixth Circuit Court of Appeals to file it.  *See* 28 U.S.C. § 2255(h).

        s/Nancy G. Edmunds    
        Nancy G. Edmunds  
        United States District Judge

Dated:  July 29, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2009, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer    
        Case Manager